### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PATRICK AUGUSMA** | * | |
| 3700 2nd Street SE #A | * | |
| Washington, DC 20032 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. <u>1:18-cv-02503</u> |
| | * | |
| **MAGGIANO'S HOLDING** | * | |
| **CORPORATION** | * | |
| **d/b/a MAGGIANO'S LITTLE ITALY** | * | |
| 6820 LBJ Freeway | * | |
| Dallas, TX 75240 | * | |
| <u>Serve Registered Agent</u>: | * | |
| Corporation Service Company | * | |
| 1090 Vermont Avenue NW | * | |
| Washington, DC 20005 | * | |
| | * | |
| **BRINKER INTERNATIONAL, INC.** | * | |
| **d/b/a MAGGIANO'S LITTLE ITALY** | * | |
| 6820 LBJ Freeway | * | |
| Dallas, TX 75240 | * | |
| | * | |
| Defendants. | * | |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Patrick Augusma ("Plaintiff"), by and through his attorney,

Keith W. Watters, and hereby moves for judgment against Defendant Maggiano's Holding

Corporation ("Defendant Maggiano's") and Defendant Brinker International, Inc. ("Defendant

Brinker") on the grounds and in the amount as hereinafter set forth:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332 as this matter involves a controversy between citizens of different states, and the matter in

controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests

and costs.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts

and/or omissions alleged in this Complaint occurred in the District of Columbia.  Moreover,

Defendants are found in, reside, or transact business in the District of Columbia.

## PARTIES

3.      Plaintiff is an adult resident of the District of Columbia, residing at 3700 2nd

Street SE #A, Washington, DC 20032.

4.      Defendant Maggiano's is a Delaware corporation with its principal place of

business located at 6820 LBJ Freeway, Dallas, TX 75240.  At all times relevant herein,

Defendant Maggiano's was the owner and/or operator of the Maggiano's Little Italy restaurant

located at 5333 Wisconsin Avenue NW, Washington, DC 20015.  At all times relevant herein,

Defendant Maggiano's carried on substantial business activities within the District of Columbia.

At all times relevant herein, Defendant Maggiano's was acting by and through its agents,

servants, workers, and/or employees, all of whom were acting within the course and scope of

their employment, for and on behalf of Defendant Maggiano's.

5.      Defendant Brinker is a Delaware corporation with its principal place of business

located at 6820 LBJ Freeway, Dallas, TX 75240.  At all times relevant herein, Defendant Brinker

was the owner and/or operator of the Maggiano's Little Italy restaurant located at 5333

Wisconsin Avenue NW, Washington, DC 20015.  At all times relevant herein, Defendant

Brinker carried on substantial business activities within the District of Columbia.  At all times

relevant herein, Defendant Brinker was acting by and through its agents, servants, workers,

and/or employees, all of whom were acting within the course and scope of their employment, for

and on behalf of Defendant Brinker.

### FACTS

6.      Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

7.      On the evening of June 30, 2017, Plaintiff was a patron at the Maggiano's Little Italy ("Maggiano's") restaurant located at 5333 Wisconsin Avenue NW, Washington, DC 20015. While at Maggiano's, Plaintiff consumed alcoholic beverages served to him by Defendants' agents, servants, workers, and/or employees, all of whom were acting within the course and scope of their employment.

8.      Defendants, by and through their agents, servants, workers, and/or employees, served and continued to serve alcoholic beverages to Plaintiff, while he visibly appeared to be intoxicated, and was in fact intoxicated.

9.      Plaintiff left Maggiano's intoxicated and arrived at the Friendship Heights Metro Station.  While at the Friendship Heights Metro Station, Plaintiff fell onto the metro tracks and forcefully struck his head, causing Plaintiff to sustain severe head trauma and multiple facial fractures.

10.     As a direct result of the conduct of Defendant, Plaintiff sustained conscious pain and suffering; serious and debilitating injuries to his head; despair, despondency, anxiety, and mental and emotion pain and suffering; great physical pain, suffering, and loss of life's pleasures, past, present, and future; loss of earnings and wages and loss of earning capacity, past, present, and future; and hospital, medical, and rehabilitation expenses.

### COUNT I: NEGLIGENCE
**(All Defendants)**

11.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

12.     Defendants, by and through their agents, servants, workers, and/or employees, in serving alcoholic beverages to the visibly intoxicated Plaintiff, in the course and scope of their employment, violated the statutes of the District of Columbia and were negligent, negligent per se, careless, willful wanton, and/or reckless in numerous ways, including without limitation:

(a)     Selling and continuing to sell and serve alcoholic beverages to Plaintiff when he was visibly intoxicated;

(b)     Failing to detect that Plaintiff was in a visibly intoxicated condition as a result of Defendants' continual serving of alcoholic beverages to him;

(c)     Selling and continuing to sell and serve alcoholic beverages to Plaintiff when Defendants knew or had reason to know that drinking multiple alcoholic beverages constitutes a risk of harm and renders Plaintiff dangerous to himself and others by virtue of being in an intoxicated condition;

(d)     Acting negligently per se by violating the statutes and laws of the District of Columbia, including but not limited to, D.C. Code § 25-781, which prohibits Defendants from permitting the consumption of an alcoholic beverage by an intoxicated person, or by any person who appears to be intoxicated;

(e)     Having a policy and practice of continuing to serve patrons without adequately checking to see whether the patron is in fact intoxicated or exhibiting visible signs of intoxication;

(f)     Failing to have and enforce policies and practices which include a drink cut-off limit for alcoholic beverages;

(g)     Failing to have and enforce policies and practices which include a time limit so that alcoholic beverages are not sold to patrons after patrons have been drinking for a defined period of time;

(h)     Having policies and practices to encourage patrons to continue drinking alcohol after they become visibly intoxicated;

(i)     Allowing Plaintiff to exit Maggiano's after he was both intoxicated and visibly intoxicated, which posed an unreasonable risk of harm to himself and others;

(j)     Failing to have and enforce policies and practices which include helping intoxicated and visibly intoxicated persons sober up before exiting their facility; and

(k)     Failing to have and enforce policies and practices which include monitoring employees engaged in the serving of alcoholic beverages.

13.     As a direct and proximate result of the conduct of Defendants, Plaintiff suffered serious and debilitating injuries; has been prevented from transacting his business; has suffered and will continue to suffer great pain of body and mind; and has suffered permanent disability and deformity.

14.     As a further direct and proximate result of the conduct of Defendants, Plaintiff has been forced to expend large sums of money for x-rays, medical treatment, and medicine for the treatment of his injuries.

WHEREFORE, Plaintiff Patrick Augusma hereby demands judgment against Defendant Maggiano's Holding Corporation and Defendant Brinker International, Inc., jointly and severally, in the amount of two million dollars ($2,000,000.00), plus interest and costs, and any other relief as this Court deems just and proper.

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.


Respectfully submitted,


/s/ Keith W. Watters_____
Keith W. Watters, Esq. (319210)
KEITH WATTERS & ASSOCIATES
1667 K Street NW, Suite 677
Washington, DC 20006
(202) 887-1990
keithwatters@verizon.net

*Counsel for Plaintiff*